LEBANON LIGHT AND MAGNETIC WATER COMPANY, Plaintiff-Appellant, v. CITY OF LEBANON, Defendant-Appellant.

(No. 1.)

Division Two, June 11, 1901.

1.  **City Lights:** FRANCHISE: ORDINANCE: IRREGULARITIES IN ELECTION. An election held in only one ward in a city of the fourth class, which by statute is required to have at least two wards; ballots from which were omitted the words, "and tax levy," though counted "for electric light contract and tax levy," are at most irregularities, and do not render void the ordinance which granted a company the right to operate a plant for making and furnishing the city with electric light, etc.

2.  ———: ———: NOTICE. Where all the defenses to a city lighting contract are special defenses, the point that no evidence was adduced at the trial that notice of the election authorizing the contract was given by the mayor, will not be considered, if not raised by the pleadings.

3.  ———: ———: CURRENT EXPENSES: FEES: JUDGMENT. A company which, under ordinance, has a valid contract with the city for furnishing it light, is entitled, if it performs the terms of the contract, to have paid to it so much of the city's revenues, less the

Light and Magnetic Water Co. v. City of Lebanon.

necessary expenses to run the city government for the year, as are
necessary to pay its contract price. And "necessary expenses" are
those which the statute makes such, to-wit, "the reasonable salary
allowed by law to the mayor, council, assessor, marshal, constable,
attorney, and a reasonable police force."

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,*
Judge.

REVERSED AND REMANDED *(with directions).*

*Wallace & Nixon* for plaintiff-appellant.

The only evidence in this case concerning the expenses
of the city government for 1897 was the testimony of clerk
Stebbins. He testified that the amount under the laws and
ordinances of said city allowed as salary to mayor, council,
assessor, marshal, attorney, and a reasonable police force, was
the sum of $441, and that after deducting that amount from
the total revenues of the year 1897, there would remain the
sum of $3,702.27, which sum was ample to pay plaintiff's
claim in full. Water Works Co. v. Carterville, 142 Mo. 101.

*J. W. Farris* for defendant-appellant.

(1) The defendant being a city of the fourth class, is
divided into three wards, and the election being held in only one
ward, was in violation of the statute. Voters are only quali-
fied to vote in the wards in which they reside. R. S. 1889,
secs. 4670, 1581, 1585 and 4673. Bean v. Barton County,
33 Mo. App. 635. This being an election to impose a tax on
the people, and not an election of public officers, it is not
governed by the same rule with reference to irregularities or
violations of law. In the latter class of elections all irregu-

larities are overlooked, unless prohibited by direct and mandatory statute. But in elections to impose taxes on the people, the laws must be strictly complied with. These provisions are mandatory, and if violated invalidate the election. R. S. 1889, sec. 1589; Bower v. Smith, 111 Mo. 45; Railroad v. Apperson, 97 Mo. 300; Cooley on Taxation (2 Ed.), pp. 324 and 348; Barnard v. Knox County, 105 Mo. 382. (2) The contract to pay $3,000 a year was clearly a contract in excess of the annual income and revenue for any such year, and it was not authorized by the voters in the manner required by law, and was in conflict with the Constitution and statutes of the State. Constitution, art. 10, secs. 11 and 12; Barnard v. Knox County, 105 Mo. 382; R. S. 1889, secs. 1947 and 1622; Lamar W. and L. Co. v. Lamar, 128 Mo. 188; Water Co. v. Aurora, 129 Mo. 540; Seleno v. Neosho, 127 Mo. 641; Clinton Co. v. Railroad, 87 Mo. 236. (3) The plaintiff did not show by any evidence that notice of election was given by the mayor, "that an election would be held for that purpose," and the statute being mandatory, it devolves upon the plaintiff to show that notice was given, and that such notice was in compliance with the ordinance. R. S. 1889, secs. 1589 and 1658; Wheeler v. Poplar Bluff, 149 Mo. 36.

BURGESS, J.—This is an action by plaintiff as assignee of the Lebanon Light & Water Company, against the city of Lebanon, for the rental of twenty-three arc lights of two thousand candle-power each, furnished said city during the year 1897.

On January 5, 1891, said city, by ordinance numbered 90, granted the Lebanon Light & Water Company the right, for a period of twenty years, to operate a plant for making and furnishing the city of Lebanon with electric light, and which also provided that said company and its assigns should during

this period supply the citizens of Lebanon with electric light. And said city expressly agreed by said ordinance to pay said company and its assigns, $3,000 per annum for twenty-three arc lights of two thousand candle-power each, the same to be payable quarterly, and if not paid when due, to bear eight per cent from the time payments became due until paid.

This ordinance was duly submitted to a vote at an election called for that purpose, and the trial court found that at said election said franchise was duly adopted and became a binding contract on the city.

The trial court decided that the plaintiff, out of the revenues and income provided by the defendant city for the year 1897, was only entitled to the sum of $2,214.40, and not the full amount contracted for, and that the balance of said revenues provided for said year were properly appropriated to the payment of the expenses of the city government for that year. The correctness of this ruling is the only question challenged by the plaintiff's appeal.

The trial court by declarations of law found that the "actual income of the city of Lebanon, for the year 1897, was $4,197.27."

Plaintiff asked the following declarations of law:

"The court finds and declares the law in this case to be that the contract entered into between the city of Lebanon and the Lebanon Light & Water Company is a binding contract on the said city; and, further, that the plaintiff should have judgment for three thousand dollars, and eight per cent on deferred payments for the twenty-three arc lights furnished defendant during the year 1897; provided, that the same could be paid out of the income and revenue provided by said city for the year 1897, after deducting therefrom the amount that might be necessary to pay the reasonable salary allowed by law and the ordinances of said city, if any, to the mayor, council,

assessor, marshal, attorney, and a reasonable police force for the defendant city; and if the court shall find that the income provided by the said city of Lebanon for the year 1897, after deducting the said expenses of the city government, leaves any sum whatever, the plaintiff is entitled to a judgment to an amount equal to such remainder.    That in estimating the necessary expenses to run the city government of Lebanon for the year 1897, only the following items will be considered and allowed—that is to say, the salary allowed by ordinances of the city of Lebanon to its marshal, assessor, and for a reasonable amount to sustain a reasonable police force—which amount will be the sum actually expended in that year for the police force; and it appearing by the evidence in this case that the charge and payment of the other city officers were in fees, and that they received no salary for their services, the sums received by them as fees should be excluded from such estimate. The court declares that the rule as applied to this case for estimating the necessary expenses for the city of Lebanon for the year commencing on January 1, 1897, and ending on January 1, 1898, is laid down in section 4977 of chapter 63 of the Revised Statutes of Missouri for 1889, and is the reasonable salary allowed by law and ordinance of the city of Lebanon, if any, to the mayor, council, marshal, constable, attorney, and a reasonable police force for said city; and in this case it appearing from the evidence that during the said year 1897 there was no salary allowed by law to the mayor, constable, attorney, of the city of Lebanon, and that they received no salary, the only necessary expenses for the year 1897 that should be allowed in this case are the amounts of salary allowed and received by the city assessor, marshal and a reasonable police force, not to exceed the amounts actually received."

The court refused to give these declarations of law, and

the plaintiff duly excepted.

The court then of its own motion gave the following declarations:

"The necessary current expenses of said city, within the meaning of the foregoing instruction, are the reasonable amounts that said city would be required by law to pay under all laws and ordinances existing at the time of making such contract. Any person or corporation contracting with any such city for the purpose of furnishing electric lights will be deemed to have made said contract with the knowledge of the provisions of section 11, article 10, of the Constitution of the State of Missouri, and also with the knowledge of all laws and ordinances in force at the time of making such contract; and all reasonable sums that may be required to be paid by said city under the laws and ordinances that are in force at the time of making such contract will take precedence over such contract and be a prior claim upon the revenues of said city for any year. The court further finds that the sum testified to by the witness, Stebbins, of $1,982.87, paid for current expenses of said city for the year 1897, were all reasonable amounts, and were paid under and by provisions of laws and ordinances that were in force at the time of making the contract sued on, and the authorities of said city were justified in making such payments in advance of the claim of the plaintiff herein. The court further finds that there is the sum of $2,214.44, of the revenues and income of said town in excess of the current expenses of said town as above set forth, and that under the evidence in this case the plaintiff is entitled to recover said sum upon the contract sued on."

To the giving of these declarations of law the plaintiff duly excepted.

The only evidence in this case concerning the expenses of the city government for 1897 was the testimony of clerk Steb-

bins.    He testified that the amount under the laws and ordi-
nances of said city allowed as salary to mayor, council, asses-
sor, marshal, attorney, and a reasonable police force, was the
sum of $441, and that after deducting that amount from the
total revenues of the year 1897, there would remain the sum
of $3,702.27.

After unsuccessful motion for new trial plaintiff appeals.

Defendant appeals from the judgment of the court upon
the ground that the election held for the adoption of said ordi-
nance numbered 90 was null and void, as well also, as the tax
levied and collected in pursuance thereof, and that the judg-
ment should have been for defendant.

It is claimed by defendant that as it is a city of the fourth
class, it is divided into three wards, and as the election was
held in only one ward it was in violation of the statute; and
that as many of the ballots voted were not in accordance with
law in that they did not contain the words, "and tax levy,"
while they were counted "for electric light contract and tax
levy," that the election was void, and the contract without auth-
ority.    But these were at most but irregularities, and in the
absence of fraud did not vitiate the election.    [State ex rel.
v. Town of Westport, 116 Mo. 582.]

Defendant also asserts that there was no evidence adduced
at the trial that notice of said election would be held was given
by the mayor, but no such question was raised by the plead-
ings.    All of the defenses were special defenses, and it is not
alleged in any of them that such notice was not given, and the
point can not be raised outside of the record.

It is further insisted by defendant that the contract to pay
$3,000 per annum was clearly a contract in excess of the an-
nual income and revenue for any such year, and was not auth-
orized by the voters in the manner required by law, and was in
conflict with the Constitution and statutes of this State.

The total income and revenue of the city, for the year 1897, was $4,197.27, for which sum, less the necessary expenses to run the city government for that year and any amount not in excess of the amount of plaintiff's claim, if any, plaintiff was entitled to judgment. What were necessary expenses of maintaining the city government were those specified in section 4977, Revised Statutes 1889, which should have the preference are "the reasonable salary allowed by law to the mayor, council, assessor, marshal, constable, attorney, and a reasonable police force, of said city" (Waterworks Co. v. Carterville, 142 Mo. 101; Waterworks Co. v. Carterville, 153 Mo. 128); and while the evidence showed that these expenses only amounted to $444, the court allowed a number of other items of expense, including those before mentioned, amounting in the aggregate to the sum of $1,913.96, and deducted that amount from the $4,197.27, the total net revenues, and rendered judgment for plaintiff for $2,214.40, and in so doing committed error. But this was an error in favor of defendant of which it has no right to complain.

The contention that the election was not held and conducted in substantial compliance with the requirements of article 10, sections 11 and 12 of the Constitution of this State, is not, we think, sustained by the record.

Our conclusion is that defendant's appeal is without merit, but that the court erred to the prejudice of plaintiff for reasons indicated, in refusing the declaration of law asked by it in regard to what were the necessary expenses of the city government for the year 1897, and in declaring the law to be otherwise.

We therefore reverse the judgment and remand the cause, with directions to the court below to enter up judgment in favor of plaintiff for the amount of its claim and interest.

*Sherwood, P. J.,* and *Gantt, J.,* concur.