No. 18,366.

DALE KELLY v. J. B. NOVEY, ET AL.
(318 P. [2d] 214)

Decided November 25, 1957.

Mr. Don W. Higby, for plaintiff in error.

Messrs. Murray, Baker & Wendelken, for defendants in error.

*In Department.*

Mr. Justice Knauss delivered the opinion of the Court.

In the trial court plaintiff in error was plaintiff and is herein referred to as contestor. Defendants in error were defendants in the trial court and will be referred to as contestees.

This is an election contest case, which arises out of an election for members of the Board of Education of School District No. 38 in El Paso County, Colorado, held on May 6, 1957. Contestor was not a candidate at this election in which contestees were elected members of the Board of Education. Contestor's Statement of Intention to contest the election alleged that "in several respects the contestees have not been elected in the manner prescribed by law." He further alleged that the school district was not formally divided into precincts as permitted by statute. (C.R.S. '53, 123-10-9.)

The irregularities complained of by contestor may be briefly summarized as follows:

1. Irregularities in the posting of notices of the election. 2. The resignation of one of the Board members whose position was to be filled. 3. In the return of the poll books and the ballot boxes. 4. In the canvassing of

the returns of the election. 5. In the designation of one of the voting places and in the appointment of judges and a clerk of election at said place.

A motion to dismiss the statement of contest was filed and sustained by the trial court. It is from this ruling and the judgment entered thereon that contestor is here on writ of error.

As we view the record there is only one question to be determined. May an election contest proceed to trial upon contestor's statement of intention to contest the election in the absence of an allegation of fraud, but upon allegations of numerous irregularities.

██ If the laws relating to elections are violated to the extent that the true will and purpose of the voters cannot be expressed, the election is invalid. If the allegations of the contesting petition assert such a state of facts then a claim for relief is stated. In the instant case such averments were not made. The cumulative weight of the causes set forth in the notice of intention to contest an election, when construed together, must show fraud and irregularities to such extent that the court cannot with reasonable certainty separate the legal from the illegal votes. In the instant case the purity of the ballot is not an issue. There is no allegation of ineligibility; of illegal votes having been received or legal ones rejected, nor is there any allegation of error or mistake on the part of an election judge or clerk in counting the votes cast or in declaring the result of the election. Mere technical irregularities such as are here alleged, in no way effect the purity of the ballot.

██ Unless there is an allegation of violation of the mandatory provisions of the statutes concerning elections, the claim for relief must fail. Such was the holding in *Nicholls v. Barrick*, 27 Colo. 432, 62 Pac. 202. See, also, *Vigil v. Garcia*, 36 Colo. 430, 87 Pac. 543.

We believe that the following from *Armantrout v. Bohon*, 349 Mo. 667, 162 S.W. 2d 867 is peculiarly apt in the instant case:

"As the appellant suggests 'elections should be so held as to afford a free and fair expression of the popular will.' *State ex rel inf. McKittrick v. Stoner*, 347 Mo. 242, 146 S.W. 2d 1891. But 'elections are not lightly set aside' and there is a vast difference in passing on the rules and regulations regarding the conduct of an election before the election is held and after. 29 C.J.S. Elections, §249, p. 360; 18 Am. Jur. Sec. 206, p. 319. As a general rule an election will not be annulled even if certain provisions of the law regarding elections have not been strictly followed in the absence of fraud. * * *"

As was said in *Breuninger v. Hill*, 277 Mo. 239, 210 S.W. 67: "A first essential, therefore, in the determination of the matter at issue, is whether any of the mandatory provisions of the Constitution or statutes regarding the rights of voters, and the calling and conduct of the election, have been violated."

"In city elections where the statute or ordinance specified four wards and a polling place was provided in only one it had been held the election was valid. *State ex rel Brown v. Town of Westport*, 116 Mo. 582, 22 S.W. 888; *Lebanon L. & M. Water Co. v. City of Lebanon*, 163 Mo. 246, 63 S.W. 809. Or, conversely, to have four voting places where the ordinance says one does not invalidate the election. *State ex rel Town of Canton v. Allen*, 178 Mo. 555, 77 S.W. 868."

"Finally, and of primary importance in proper determination of the question as to whether this election was 'so held as to afford a free and fair expression of the popular will,' *State ex inf. McKittrick ex rel Martin v. Stoner*, supra, is the fact that there is nothing in the record to indicate that the conditions under which this election was conducted either changed or influenced the vote of any person, * * *. *State v. Cape*, (Mo.), 226 S.W. 2d 45."

It is claimed by defendant that, as it is a city of the fourth class, it is divided into three wards, and, as the election was held in only one ward, it was in violation

of the statute, and that as many of the ballots were not in accordance, in that they did not contain the words 'and tax levy,' while they were counted 'for electric light contract and tax levy' the election was void. But these were at most but irregularities, and, in the absence of fraud, did not vitiate the election." *State v. Town of Westport,* 116 Mo. 582, 22 S.W. 88.

There is nothing in the record here to indicate that the election was held in such a manner to prevent a free and fair expression of the popular will, neither is there even a hint that any fraud was perpetrated on any voter in the school district. Running generally through all the cases we have reviewed is the statement contained in the Westport case, supra, that in the absence of fraud, mere irregularities in an election will not vitiate the popular will duly expressed at the polls.

The statute under which this election was held is expressly permissive and nothing therein denies the right of the Board of Education to designate two voting places. We think it is fundamental that where an additional voting place is in fact set up and this fact is relied upon by the voters as being a valid place for the casting of their ballots, the additional access to the polls promotes the essential purpose of the election. Further, in the absence of allegations of fraud the holding of an election at an invalid place will not vitiate the results of the election. As was said in *Gilleland v. Schuyler,* 9 Kans. 569: "Where electors have not themselves broken a law ought they be disfranchised?" We say not.

In *Armantrout v. Bohon,* supra, it was alleged that providing only one voting place for the City of Hannibal School Board was a constructive fraud on the voters and the contestant. The court said: "We cannot say that the Board's designation of only one voting place in that district was a violation of any mandatory provision of the law, even though it did not provide places easily accessible and convenient to the voters." Citing *State ex rel Town of Canton v. Allen,* 178 Mo. 555, 77 S.W. 868 the

court said: "Or conversely, to have four voting places when the ordinance says one does not invalidate the election."

There is no allegation that any voter was prevented from voting or that the result of the election was in any way affected by there being two polling places in the school district.

Careful consideration of the record before us impels the conclusion that such irregularities as are alleged to have occurred in connection with conduct of the challenged election neither justify nor permit a finding that the election was invalid. The judgment of the trial court is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.