Mr. Justice McWilliams
dissenting:
I dissent. Traditionally courts have been reluctant to invalidate elections once held unless there be a showing of misconduct of such a nature as would change the *39 result thereof. The general rule, as I understand it, is that in the absence of fraud an election once held will not be overturned merely because of technical irregularity in connection therewith.
In the instant case, there is no suggestion that there was any fraud attendant to the special bond election. Furthermore, Mary Rector does not contend that any ineligible voter was permitted to vote. Nor does she intimate that any eligible voter was prevented from voting because of the fact that there was only one voting place. It is in this setting that the majority have voided this election and thereby set aside the expressed will of the electorate because of what I deem to be technical irregularity in the conduct thereof.
Recognizing that the “irregularity” with which the court was concerned in Kelly v. Novey, 136 Colo. 408, 318 P.2d 214, is different from the “irregularity” with which we are concerned in the instant case, I nonetheless regard the majority opinion to be out of tune with the rationale expressed therein. See also, in this regard, 18 Am. Jur. pp. 251-252; Kerlin v. City of Devils Lake, 25 N. Dak. 207, 141 N.W. 756; and Armantrout v. Bohon, 349 Mo. 667, 162 S.W.2d 867.
Finally, attention is directed to 29 C.J.S. pp. 553 and 554, where it is stated that statutory regulations governing the place of voting are subject to strict enforcement and may be construed as mandatory before the election, but that after the election such regulations are ordinarily construed as directory and that an irregularity in this regard ought not to render an election void, especially when it appears that no one was presented from voting at such election.