J. W. ENDLY et al., Respondents, v. I. W. WHITSETT et al., Appellants.

Kansas City Court of Appeals, June 11, 1900.

Schools: APPLICATION OF BUILDING FUND: ADDITION TO BUILDING: POWER OF BOARD. Where a building fund, regularly provided is not all used, the remainder may be afterward applied to the construction of additional rooms to the building for which the fund was originally set apart, and this without further vote.

Appeal from the Lafayette Circuit Court.—*Hon. Richard Field*, Judge.

REVERSED.

*William Aull* for appellants.

(1) The board of directors, in graded schools in cities, such as the city of Higginsville, when money is on hand, may erect school buildings in one or more wards, and consequently may add to, repair, alter or remodel. R. S. 1889, sec. 8088. (2) The board of directors had authority to rent rooms at or away from the school house to avoid the overcrowded condition of the school building. R. S. 1889, sec. 8075. This rental would be saved by the completion of the two rooms in controversy to supply necessary accommodation.

*M. C. James* and *John Welborn* for respondents.

(1) Rights of the plaintiffs to an injunction. Black v. Ross, 37 Mo. App. 250; Fugate v. McManama, 50 Mo. App. 39; Richardson v. McReynolds, 114 Mo. 641. (2) The directors of this school district had no right to build the new school rooms without having first obtained the sanction of the voters at an election held therefor under the law. Buchanan v. School District, 25 Mo. App. 85; Black v. Cornell, 30 Mo. App. 641; Fugate v. McManama, 50 Mo. App. 39; Richardson v. McReynolds, 114 Mo. 641.

ELLISON, J.—The plaintiffs are a minority and defendants a majority of the school board at Higginsville, Mo. The treasurer of the board is also a defendant. This proceeding is by injunction to restrain defendants from paying for two rooms which were added to the North school

building in Higginsville. There was no vote authorizing the building of this addition. It was done on order of a majority of the board, at a cost "not to exceed $450." The trial court sustained the injunction.

It appears that a few years before this controversy the district had voted a bonded indebtedness of several thousand dollars with which to raise money to build two school buildings, one called the North and the other the South building. That when these buildings were completed the disbursements were less than the fund thus provided. That is to say, the buildings cost less than the fund, leaving a balance in the fund of near $400. But it seems that in keeping the school district books the several funds were not kept separate and apart, and while there was a balance struck between expenditures and receipts, and all moneys accounted for, yet there was not a separate account kept at all times of the different funds. So that, in point of fact, the balance aforesaid left of the building fund may be said to have become lost so far as appearing specifically on the books, yet it has always remained with the district for no funds have ever been misappropriated and this balance has never been used. Therefore, there was on hand, when this addition was ordered, a sum of near $400 which belonged to the building fund and which might properly be used in the construction of the addition. Under the terms of section 8088, Revised Statutes 1889, the school board had authority to build the addition, they having the money thus left in the proper fund to pay for it. In using the expression that the board had the money to pay for it, we are aware that it is not certain that the money would cover the entire cost which was not to exceed $450. But it would necessarily come so close to the proper sum as to leave plaintiffs without complaint substantial enough to cause the interference of a court of equity by its writ of injunction.

We have gone over the briefs of the respective counsel and considered them in connection with the oral arguments and have concluded that where a building fund, regularly provided by necessary vote of the school district, is not all used the remainder may be afterwards applied to the construction of additional rooms to the building for which the fund was originally set apart, and this without an additional vote being taken.

There were several other points discussed by counsel, but the foregoing renders it unnecessary to decide them. The judgment is reversed and petition dismissed. *Smith, P. J.,* concurs; *Gill, J.,* absent.