# THE STATE ex rel. CITY OF COLUMBIA v. ALLEN, State Auditor.

**In Banc, July 1, 1904.**

1. **CITY: Indebtedness: Waterworks.** Since the adoption of the constitutional amendment of 1902 cities of the requisite population can incur an indebtedness of five per cent of the taxable property therein in addition to the indebtedness theretofore provided by section 12 of article 10, for the purchase or the construction of a waterworks system and electric light plant to be owned by the city.

2. ———: ———: **To Purchase and Construct.** Under that amendment and the statute enacted for its enforcement the city has the power, by the same ordinance and vote of the people thereon, to purchase an existing waterworks and light plant and provide for their extension so as to meet the increasing needs of the inhabitants. It is not necessary to first purchase the existing plant and then have a second election to improve it, but both may be submitted at one time, for they are in fact but one proposition.

3. ———: ———: **Rate: Interest: Uncertainty.** All that the Constitution requires is that the rate of taxation fixed by the council for paying the debt authorized by the people, shall be sufficient to pay the interest as it matures and to provide a sinking fund for the payment of the indebtedness within twenty years. It does not require it to fix upon a separate rate for interest and another separate rate to provide for the sinking fund. Nor are the bonds invalid for uncertainty of rate of taxation because the rate fixed upon is thirty-five cents or "so much thereof as may be necessary." This latter clause gives the council authority to reduce the rate as the debt is paid off.

4. **CONSTITUTION: Construction.** The construction of a constitutional amendment must not be so strict or technical as to defeat the evident object and purposes of its creation.

## Mandamus.

Writ Awarded.

*W. H. Rothwell* and *E. W. Hinton* for relator.

(1)     Section 12a, article 10 of the Constitution adopted in November, 1902, expressly authorizes cities of less than thirty thousand and more than two thousand inhabitants, with the assent of two-thirds of the qualified voters, voting at an election for that purpose, to become indebted to larger amount than specified in sec. 12, art. 10, not exceeding an additional five per centum on the value of the taxable property therein, for the purpose of purchasing or constructing waterworks, electric or other light plants, to be owned exclusively by the city.  The city of Columbia fulfills these conditions, and the proposed indebtedness does not exceed an additional five per centum on the value of the taxable property. It is therefore clear that it has the power to issue these bonds for the purpose specified in the amendment to the Constitution.     (2)  (a) The provisions of section 12a of article 10 of the Constitution, authorizing the creation of municipal indebtedness for the purpose of acquiring a waterworks and light plant by purchase or construction, do not restrict the city to one of the two possible methods of acquisition.     The word "or" is equivalent to "and" in this connection, and either or both means may be used to accomplish the one end at the discretion of the city council.  State ex rel. v. Allen, 77 S. W. 868; Electric Co. v. Newton, 42 Fed. 723; Bank v. How, 56 Mo. 58.  (b) Even if the proposed work was simply an addition to or an extension of our existing plant, it would be fully authorized under the power to construct.  Endly v. Whitsett, 85 Mo. App. 79.  But it is not proposed to improve an existing plant of the city, but to acquire a new plant by construction, buying and using so much of the private plant as is available for that purpose.  If the city can buy the necessary water mains already laid and incorporate them into a new system, thus avoiding tearing up the streets, surely the power ought not to be denied to it, when it could

confessedly buy a whole plant ready for use or build one entirely new. (3) (a) The tax levy of thirty-five cents provided in the ordinance for interest and sinking fund is amply sufficient for the purpose. (b) The constitutional and statutory requirement that the city, before or at the time of incurring any such indebtedness, shall provide for the collection of an annual tax, etc., contemplates that the council shall fix the rate of levy. Benton v. Scott, 168 Mo. 395. It is obvious that the same objections urged against the present levy would apply equally to one of twice the amount, or any other fixed sum, because it is conceivable that the assessed valuation might decrease to such a point that it would not be sufficient. The objection, therefore, is to the fixing of any amount, but this is precisely what the Constitution requires; otherwise, no provision could be made for the collection of an annual tax.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for respondent.

(1) The first proposition is closely related to one of the points involved and passed upon by this court in case of State ex rel. v. Allen, 178 Mo. 555, with the exception that in the case at bar, the two propositions are joined by the word "and," while in the case above referred to, the propositions were connected by the disjunctive "or." The point, therefore, in this case is that while the Constitution and statute authorize the city to issue bonds for the purpose of constructing a waterworks and electric light plant, or for the purpose of purchasing such plant, yet it can not in one proposition combine the two, so that the city is given authority to both purchase and construct. (2) While it is true, that it is competent for the legislative department of the city government to provide at the time or immediately after the election by means of the adoption of the proper ordinance, a tax which would produce sufficient funds to pay

the interest and discharge the principal sum when due, yet it was not competent for the legislative authority to submit a proposition to be voted upon by the people which would, upon its adoption by the people, preclude a subsequent city council and legislative body from increasing the rate of taxation to such an extent as would provide ample funds to meet the payment of the interest and principal sum when due in the event the assessable property of a municipality should fall below that of the previous year. Unless it be determined that the bonds in question were issued in conformity with the provisions of the constitutional amendment, the Auditor is justified in refusing registration. A municipal corporation possesses only such powers, first, as are granted to them in express words; second, by necessary implication or incidental to the powers expressly granted; third, such as are essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable. St. Louis v. Telephone Co., 96 Mo. 623; Union Depot Co. v. Railroad, 105 Mo. 562; Knapp v. Kansas City, 48 Mo. App. 485; Gas Light Co. v. Mercer, 48 Mo. App. 644. The power to borrow money and incur debts is not an incident to the corporate existence of the municipality and can be exercised only when expressly conferred by law. Lowe v. People, 87 Ill. 385; Hackenstine v. Swackhauser, 37 N. J. L. 191. Where a city is authorized to borrow money and incur a debt for a particular purpose, such purpose must be strictly followed. Tuckey v. Omaha, 54 Neb. 370; Harris on Municipal Bonds, pp. 2-26. It has been held by the Supreme Court of the United States, and is a settled doctrine of that court, that there is no power to make a true commercial paper of any kind by a municipality, unless such power be expressly conferred by law, or is plainly inferred from other powers expressly given and which can not be exercised without it. Claiborne v. Brooks, 111 U. S. 400; Kelly v. Milan, 127 U. S. 139; Hill v. Memphis, 134 U. S. 198; Brenham v. Bank, 144 U. S.

173.   There is no power or authority lodged by law in the legislative body of a municipality to bind subsequent legislative bodies in such way as to deprive them of the right to increase the rate of taxation, so as to meet all demands and raise a sufficient sum by taxation to discharge the obligations previously issued so long as such tax levy be within the constitutional limit.   In the case at bar, an attempt has been made to preclude the levy of a greater tax than thirty-five cents on the hundred dollars valuation, regardless of whether said tax would at all times be sufficient to discharge the interest and pay the principal sum of the bonds when due; and this, too, regardless of the fact that the tax might be easily raised or increased above thirty-five cents on the hundred dollars valuation without infringing upon the constitutional limits in that respect.   This attempted levy is insufficient for the reason that it does not levy a specific tax upon the taxable property for that purpose. In plain words, the language used means that a levy of such part of thirty-five cents on the dollar is made as shall be necessary to pay the interest and principal when said bonds become due, but no certain amount of levy is made or stated.   For this reason, the levy made or attempted to be made, is illegal.   The city council has not exercised the peremptory duties devolving upon it by levying a tax sufficient to pay the interest and principal. In fact, by this attempted ordinance, no levy is made, because the council in the adoption of the ordinance did not specify what tax would be necessary to pay the interest and principal of said bonds.   The ascertainment of the amount and levy of the tax is judicial in character, and in order to be valid must be for a certain specific amount or per cent, and must be levied in strict conformity with the statute authorizing the same and by the authority whose duty it is to make it.   State ex rel. v. Railroad, 149 Mo. 645. As the matter now stands, the city council, prior to the election, ordered by ordinance that the city council should levy a tax of thirty-five cents

on the hundred dollars or such part thereof as would be necessary to pay the interest on and principal of said bonds, but said council has not yet made the levy provided for in the previous ordinance. A law authorizing and directing a city council to levy a tax does not execute itself. It enjoins a duty upon the city council and the tax can not be enforced in the absence of an actual levy by the council. State v. Humphreys, 25 Ohio St. 520.

GANTT, J.—Relator in this cause is a city of the third class organized under the general laws. It has a population of about six thousand, and the assessed valuation of the taxable property therein according to the last previous assessment for state and county purposes, was $2,265,045. Its present indebtedness is $38,500, exclusive of the bond issue in controversy. For some years past water and light for both public and private consumers have been furnished by a private plant owned by the Columbia Water & Light Company.

The voters having declared their preference for municipal ownership, the city obtained an option for the purchase of the old plant at $67,500.

The plant is not adequate for the needs of the city, and hence the council did not desire to purchase it, unless funds were provided for the construction of a new reservoir and pumping station and the establishment of a new source of water supply.

In other words, the city desired to buy the old plant and use it so far as possible in making a new system.

In order to carry out this plan an ordinance was regularly passed by the city council and approved by the mayor, calling a special election to be held on February 23, 1904, for the purpose of submitting the following proposition to the qualified voters, viz.:

"For the city of Columbia to incur an indebtedness of one hundred thousand dollars, and issue bonds as provided by law for the purpose of acquiring by pur-

chase and construction a waterworks and electric light plant to be owned exclusively by the city, to supply the city and all persons, firms and corporations therein with water and light, it being proposed to apply sixty-seven thousand five hundred and six dollars and ninety-two cents for the purchase of the waterworks and electric light plant of the Columbia Water & Light Company, and thirty-two thousand, four hundred and ninety-three dollars and eight cents for the construction of a waterworks and electric light plant to the end that the city may obtain and own a waterworks and electric light plant in all respects adequate for its needs.''

Fifteen days' notice was given and the election was held as provided by the ordinance.

On March 1, 1904, the council, having canvassed the election returns as certified by the judges, by ordinance. declared the proposition to have been carried by the necessary two-thirds majority.

On April 21; a further ordinance was passed and approved, directing the issuance of $100,000 in bonds of the city of the denomination of $1,000 each, bearing four and one-half per cent interest, and maturing at various periods from five to twenty years after date.

In the same ordinance, in accordance with the terms of the ordinance calling the election, provision was made for the levy and collection of an annual tax of thirty-five cents on the hundred dollars valuation for the purpose of paying the annual interest on these bonds and constituting a sinking fund for the payment of the principal at maturity.

This tax levy is amply sufficient for the purpose on the present assessed valuation. The bonds were issued in conformity with the ordinance, and presented to the State Auditor for registration, but were refused on account of certain objections made by the purchaser. The respondent has demurred to the petition for a writ

of mandamus, setting forth in substance three grounds of objections, viz:

1. That the Constitution and statutes confer nc power on the city to incur an indebtedness for the. pur- pose of both buying and building a waterworks and electric light plant.

2. That the construction authorized is the building of a new plant out and out, and not the reconstruction of and adding to an existing plant.

3. That the bonds are invalid because the council fixed the tax levy at thirty-five cents on the hundred dollars, since the assessed valuation might decrease to such an extent as to render it insufficient.

I. Section 12a, article 10 of the Constitution, adopted in November, 1902, expressly authorizes cities of less than thirty thousand and more than two thousand inhabitants, with the assent of two-thirds of the quali- fied voters, voting at such an election for that purpose, to become indebted to a larger amount than specified in section 12, article 10, not exceeding an additional five per centum of the value of the taxable property therein, for the purpose of purchasing or constructing waterworks, electric or other light plants, to be owned exclusively by the city. The city of Columbia fulfills these conditions, and the proposed indebtedness does not exceed an additional five per centum on the value of the taxable property. It is, therefore, clear that it has the power to issue these bonds for the purpose speci- fied in the amendment to the Constitution.

II. But it is insisted by respondent that section 12a of the Constitution proposed by the Legislature in 1901 and ordered to be submitted to the qualified voters of this State at the general election to be held in Novem- ber, 1902, and adopted at said election, does not author- ize a city of two thousand inhabitants and not more than thirty thousand inhabitants, with the assent of two- thirds of the voters thereof voting at an election for

that purpose, to become indebted to an amount not exceeding an additional five per centum on the value of the taxable property therein over and above the amount specified in section 12 of article ten of the Constitution of this State, for the purpose of purchasing waterworks and for improving the same but such cities are restricted to one of the two alternatives, and they must submit to the voters either a proposition to incur indebtedness to build and construct a new system, or a proposition simply to buy an existing system.

A kindred contention was made in the case of State ex rel. Town of Canton v. Allen, 178 Mo. 555, and it was held by this Court in Banc that it was competent to submit such a proposition in the alternative. We think that case disposes of this point. Here the proposition is one only, i. e., to buy the old waterworks and electric plant and improve them.

While it is true that municipal corporations have only such powers as are either expressly granted to them or such as are necessarily implied, and that grants of power are strictly construed, so as not to extend them beyond the purpose of the Legislature, yet, as said by this court in Bank v. How, 56 Mo. 1. c. 59, "The construction must not be so strict or technical as to defeat the evident objects and purposes of their creation."

We think the amendment to the Constitution was designed by the people to enable cities of the population named to provide themselves with water and light and to encourage municipal ownership of the water supply and lighting facilities. Their power to incur indebtedness for such purposes was found by experience insufficient under the restrictions of our Constitution and it was within the observation of the Legislature that some cities having no plant at all or a very inferior one, the city might desire to issue its bonds and build an entirely new plant; if so, this amendment furnished them the means. On the other hand, there might be, as in this case, a plant already established with its mains laid

and connections established, and the city, to avoid tearing up its highways and to avoid competition, might desire to buy the old or existing plant and yet within the limits of its power to raise money might desire to extend and improve that plant and when, as in this case, the proposition is plainly put before the voters to buy the old plant and make it available for all purposes, we think it falls clearly within the meaning and spirit of the amendment of section 12a of article 10 of the Constitution and it is not at all necessary to first purchase and then have a second election to improve it, but it can all be submitted at one time and it is one proposition after all.

The Legislature has so construed the amendment by the act of March 23, 1903 (Laws 1903, p. 96), wherein they provide that, "the city council of any city . . . shall have power to erect or to acquire, by *purchase or otherwise,* . . . waterworks," etc. [Electric Company v. City of Newton, 42 Fed. 723; Endly v. Whitsett, 85 Mo. App. 79.]

III. The point is made that because, after the election, the city council provided for the execution of the bonds and also for the levy and collection of "an annual tax of thirty-five cents on the hundred dollars valuation, or so much thereof as may be necessary," as provided by section 8 of the ordinance calling the election, the city has not provided for the payment of the interest and for a sinking fund as required by section 12 of article ten of the Constitution, and that the rate is uncertain. Section 12 requires the city incurring such indebtedness "before or at the time of doing so" to "provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same." The city council, obeying this command of the Constitution, provided a levy of thirty-five cents to pay the interest and provide a

sinking fund, but the counsel for the Auditor say this may not prove sufficient, because the assessed valuation may so decrease that this would not prove adequate. We do not think that this is a reasonable objection. It is sufficient now, and there is no presumption or likelihood that the valuation will decrease.

The constitutional provision is a practical one, and when we consider the provision for a sinking fund and that the bonds are redeemable after five years from their date, the reasonable anticipation must be that a thirty-five cent levy will be more than adequate to meet the interest and requirements of the sinking fund, hence the wisdom of the provision, "or so much thereof as may be necessary" to meet such interest. They start with a thirty-five cent levy because that is the estimate required to meet the demands of the Constitution, but it is obvious that, as the city from time to time exercises its option of retiring bonds by the use of the sinking fund, the necessity for thirty-five cents will disappear and the city need only levy as much thereof as is necessary.

This must be so, because the same objection could be urged against any definite per cent as against this. It was not necessary for the voters to vote on the rate of the levy, but it was the duty of the council to fix a levy sufficient to meet the interest and sinking fund, and this it has done. Certainly no plausible objection can be urged against the council fixing the rate which reason and experience dictates will be ample, when the organic law requires it to make provision for the collection of an annual tax to pay the interest to constitute a sinking fund.

We think the demurrer should be and it is overruled, and a peremptory writ is directed to the State Auditor requiring him to register the bonds prayed for by relator.

All concur.