(69 South. 88)

No. 21287.

HENDERSON et al. v. CITY OF SHREVE-PORT.

(June 7, 1915.   Rehearing Denied June 29, 1915.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS ☞918—BOND ELECTION—PUBLICATION OF NOTICE.

A notice of election by a municipality, to issue bonds under article 281 of the Constitution for the purpose of purchasing and constructing a system of waterworks, etc., must be published for 30 days in the official journal of the municipal corporation, if there is one.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1919–1923; Dec. Dig. ☞918.]

2. MUNICIPAL CORPORATIONS ☞918—BOND ELECTION—PUBLICATION OF NOTICE—COMPUTATION OF TIME.

Four weeks' publication in a newspaper constitutes a publication for 30 days, provided 30 days intervene from the date on which the publication is first inserted and the day on which the election takes place.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1919–1923; Dec. Dig. ☞918.]

3. MUNICIPAL CORPORATIONS ☞918—MUNICIPAL BOND ELECTION—QUESTIONS SUBMITTED.

There is but one definite proposition submitted to property taxpayers where the vote is taken as to whether the municipality will or will not purchase and extend an existing system or construct a waterworks and sewer system for the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1919–1923; Dec. Dig. ☞918.]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Action by W. K. Henderson, Jr., and others, against the City of Shreveport. From judgment for defendant, plaintiffs appeal. Affirmed.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellants. L. C. Butler and Foster, Looney & Wilkinson, all of Shreveport, for appellee.

SOMMERVILLE, J.   This suit is by certain taxpayers and residents of the city of Shreveport to have declared a nullity an election held in that city on August 20, 1914, on the question of incurring debt and issuing negotiable bonds in the amount of $1,200,000, for "the purchase and extension or construction of a waterworks and sewerage system" in that city.

The plaintiffs charge:   (1) That the legal notice of election required by the Constitution had not been given; and (2) that the proposition submitted to the voters was not authorized.

The defendant answered, putting at issue these two questions.

There was judgment in favor of the defendant, and plaintiffs have appealed.

[1] Plaintiffs assign as errors that the trial court erred in deciding that publication of the notice of the election in the issues of the official organ of the city of Shreveport, of date July 17, 24, 31, and August 7, 1914, constituted the 30 days' notice required by the Constitution.

Further that the court erred in holding that there was a proper submission to the voters.

Under article 281 of the Constitution of 1898 and the amendments thereto, and under the same article of the Constitution of 1913, 30 days' notice is called for.

The language of the article, in part, is:

"After due notice of said election has been published for thirty days in the official journal of the municipal corporation or parish or where there is no official journal, in a newspaper published therein."

And further:

"No bonds shall be issued for any other purpose than that stated in the submission of the proposition to the taxpayers, and published for thirty days as aforesaid."

It was established on the trial that the only notice of the election was the mayor's proclamation which appeared in the Shreveport Journal in its issues of July 17, 24, 31, and August 7, 1914.   The defendant contends that this constitutes a publication for 30

days, within the constitutional provisions, while plaintiffs contend that it does not.

The judge of the trial court adopted the view of the defendant.

Section 3 of Act No. 256 of 1910 solves the point at issue in favor of the defendant by providing:

"Four weeks' publication in a newspaper shall constitute a publication for thirty days, provided thirty days intervene from the date on which the publication is first inserted and the day on which the election takes place."

But plaintiffs contend that the Legislature was without authority to define a "publication" and say that "4 weeks' publication in a newspaper shall constitute a publication for 30 days," etc., when the Constitution provides that due notice of said election shall be published for 30 days in the journal of the municipal corporation or parish, and again that the proposition to the taxpayers must be published for 30 days as aforesaid.

The interpretation of the language of the Constitution contended for by plaintiffs that the notice of election should be published for 30 days (that is, for 30 consecutive days) might well render the constitutional right to make public improvements and to issue bonds therefor without effect in many places in the state. For instance, in places in which a daily newspaper is not published. It would be impracticable to publish a notice for 30 consecutive days where there was no publication of a newspaper on Sunday, or where the issue of the paper appeared only once or twice a week.

The question appears to be settled adversely to the position assumed by defendant in the decision of the cause entitled Lower Terrebonne Refining & Mfg. Co. v. Police Jury of Parish of Terrebonne, 115 La. 1019, 40 South. 443, 112 Am. St. Rep. 291. There the official journal of the parish of Terrebonne was published every Saturday, and the court held that a publication every Saturday during 30 days was sufficient.

There is no conflict between the constitutional provision and section 3 of Act No. 256 of 1910, quoted above. The act defines what a publication for 30 days consists of, and the Legislature had the right to interpret the Constitution. It says:

"Four weeks' publication in a newspaper shall constitute a publication for thirty days," etc.

Four weeks intervened from the date on which the first publication of the election to be held in Shreveport was inserted and the day on which the election took place. The notice appeared once in each week, and that was sufficient. The law was complied with.

[2] The second error assigned, that the court erred in holding that there was a proper submission of the question to the voters, is based upon the allegation that the proposition submitted was an indefinite one. Plaintiffs contend that two propositions were really submitted to the voters, without an opportunity being given to vote separately on them. They argue that the proposition submitted was as to the purchase or construction of a system of waterworks, etc.; that the purchase of such a system is a different thing from the construction of one; that a property holder might be willing to vote for the issuance of bonds for the purchase and extension of, but be unwilling to vote for the issuance of bonds for the construction of, such a system, or vice versa; that, if property taxpayers voted in the affirmative, they could not tell whether the waterworks plant would be purchased or constructed.

There is some authority for this contention of plaintiffs; but Mr. McQuillan says, in section 2198 of his work, that the weight of authority is to the contrary.

[3] There was but one proposition submitted to the property holders of Shreveport, and that was the ownership vel non of a waterworks system. The proposition submitted to the voter to vote "yea" or "nay"

was the question: "Shall the city own and operate its waterworks system?" It was merely a question of municipal ownership. As to whether the city should buy or build is a matter of detail and of business judgment, which rests with the council of that city.

This view is supported by the decision in the case of Nash v. Council Bluffs (C. C.) 174 Fed. 182, and in City of Sioux Falls v. Farmers' Loan & Trust Co., 136 Fed. 721, 69 C. C. A. 373.

The ballot submitting the question to the voter follows the language of the Constitution, which says that bonds shall not be issued for any other purpose than for purchasing and constructing systems of waterworks, sewerage, etc., except that the disjunctive "or" was used instead of the copulative "and." The language suggests one purpose. Under it, the municipal authorities may do one or both. The detail application of the proceeds of the sale of the bonds, for the purposes for which they were authorized, is left to be controlled by the discretion of the municipal authorities. Gray v. Bourgeois, 107 La. 671, 32 South. 42.

Plaintiffs argue on their briefs that the ordinance provides that a ratification by the "people" shall be had before the bonds are issued for any plan to acquire or extend a water system, or to construct a new one; but that point was not assigned by plaintiffs as an error. They say that the people of the city of Shreveport can have no voice in imposing taxes on property for the payment of bonds issued for permanent public improvements; that only taxpayers can vote at tax elections. But the ratification or method of referendum has nothing to do with the issuance of the bonds. It is simply a feature of the commission form of government, as it exists in the city of Shreveport. The section of the ordinance directing that the matter shall be submitted to the people did not take anything from the validity of the bonds. The taxpayers may determine that the bonds shall be issued for the purpose of purchasing or constructing a waterworks system. The council has the right to determine which is to the best interest of the city. If the council has that right, it would have the right, under the charter, to submit that question to the people to decide. But the matter is not before the court. It has not been assigned as an error; and the council has not submitted any proposition to be ratified by the "people."

Judgment affirmed.