STATE EX REL. S. B. EMERSON, Collector, v. J. W. ALLISON, Appellant.
—66 S. W. (2d) 547.

Division One, December 22, 1933.

*Herman Pufahl* for appellant.

*Frank S. Sea* and *T. H. Douglas* for respondent.

544

FERGUSON, C.—This is a proceeding by the State at the relation and to the use of the Collector of Polk County against J. W. Allison to enforce lien for certain school taxes levied for the year 1928 against land owned by defendant and situate in the Flemington School District in that county. The circuit court found the issues for plaintiff, entered its judgment accordingly and defendant appealed.

The Board of Education of the Flemington School District of Polk County, which recently theretofore had been organized as a town or village school district, called a special election for March 1, 1928, at which a proposition to issue bonds of said district in the sum of $12,000 for the construction of a new school building was submitted. The proposition was approved by more than two-thirds of the voters voting thereon at such election and thereupon the board of education, on March 3, 1928, duly authorized the issuance of twelve bonds, each in the sum of $1000, bearing date of March 2, 1928. Apparently at the same time provision was made for a levy "on all taxable property" in said school district of an annual tax to create "a sinking fund for the payment of the principal and interest on said bonds." Pursuant to such authorization the bonds were issued and duly executed by the proper officers. On March 6, 1928, the defendant herein, and nine other resident taxpayers of said school district, brought a suit, naming the school district and the members of the board of education as defendants therein, seeking an injunction restraining the issuance of the bonds "and levying of a tax to pay interest and to provide a sinking fund for payment of the bonds." No temporary injunction was asked or granted. At the first term of the circuit court thereafter, being the May Term, 1928, the court sus-

tained defendants' demurrer to the petition filed in the injunction suit whereupon plaintiffs filed an amended petition. The amended petition attacked the regularity and validity of the special election and the validity of the bonds authorized thereat, alleged that the school district "was never legally organized as a town or village school district and that it has no legal existence," that the "election was absolutely null and void" and prayed that the board of education be restrained from issuing the bonds and that the making of a tax levy "to pay interest and to provide a sinking fund" be enjoined. On July 10, 1928, the court sustained defendants' demurrer to the amended petition; plaintiffs declining to plead further the court entered judgment dismissing plaintiffs' bill or petition and plaintiffs' appeal therefrom came to this court. Here the judgment of the circuit court was affirmed, December 11, 1929. [See Remington v. Flemington School Dist. (Mo.), 22 S. W. (2d) 800.] Though no injunction was granted restraining the sale of the bonds authorized, executed and issued as aforesaid nevertheless the pending injunction suit operated, in practical effect, to delay and postpone the completion of negotiations for the sale of the bonds so that the sale could not be, and was not, finally consummated until after the mandate of this court affirming the judgment of the circuit court in that suit went down in January, 1930. Thereupon the bonds were duly registered and delivered to the purchaser who paid over the purchase price thereof to the school district. Pursuant to the provision made therefor the annual tax to be levied for the year 1928 for the purpose of creating a fund for the payment of interest on said bonds as it should fall due and "to constitute a sinking fund for the payment of the principal thereof within the time said principal" should become due (Sec. 9199, R. S. 1929, Sec. 12, Art. 10, Constitution of Missouri) was fixed at twenty-five cents on the one hundred dollars valuation. The defendant (and appellant) herein paid all taxes, state, county and school, for the year 1928, levied against the land which he owned in said school district except this levy of twenty-five cents for interest and sinking fund which he failed and refused to pay.

In August, 1930, this suit was filed seeking to enforce the collection of the 1928 tax levied for interest and sinking fund in the total sum of $5.40. The petition and the accompanying tax bill, which was made a part of the petition and introduced in evidence, are in conventional form. The defense set up and relied upon is stated in the answer as follows: "That the amount of $5.40 which plaintiff claims is due as a school tax for the year 1928 is not a legal tax and defendant is not liable therefor . . . . that the taxes are claimed to be due to Flemington School District . . . as taxes for the purpose of raising a sinking fund and paying the interest on school bonds claimed to have been voted by said district . . .

that no bonds had been executed nor were any in existence in 1927 or 1928 or 1929. That there was no existing indebtedness against said school district at said time and therefore the Board of Education had no right or authority to make any estimate or ask for any levy for the purpose of raising funds to create a sinking fund to pay off any bonds or the interest on any such bonds or indebtedness.''

Such was defendant's position in the trial court and is his sole contention as appellant here. It is urged that the trial court erred in its view of the law applicable to the facts. The election was held and the bonds were issued under the authority of Section 12, Article 10, of our Constitution. One proviso of said section is, ''that any county, city . . . school district or other political corporation or subdivision of the State, incurring any indebtedness requiring the assent of the voters'' as in said section specified ''shall before or at the time of doing so, provide for . . . an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty-years from the time of contracting the same.'' This provision is mandatory and self-enforcing. [State ex rel. Audrain County v. Hackmann, 275 Mo. 534, 205 S. W. 12; State ex rel. City of Dexter v. Gordon, 251 Mo. 303, 158 S. W. 683; Black v. Early, 208 Mo. 281, 106 S. W. 1014; State ex rel. City of Columbia v. Allen, 183 Mo. 283, 82 S. W. 103; Heather v. City of Palmyra, 311 Mo. 32, 276 S. W. 872.] In compliance with this constitutional mandate the board of education on March 3, 1928, in authorizing the issuance of the bonds made provision that an annual tax be levied sufficient to create a fund ''for the payment of the principal and interest on said bonds.'' The levy for the year 1928 of twenty-five cents on the hundred dollars valuation for this interest and sinking fund was made in conformity therewith and it appears, though not in question in this suit, that a levy for the same purpose was thereafter made annually. The estimate upon which this 1928 levy was based was duly made and timely filed, pursuant to the requirements of the statute, on May 12, 1928. Though the answer asserts, ''that no bonds had been executed nor were any in existence in 1928'' it appears that the bonds were not only authorized by the board of education in March, 1928, but were actually issued and were signed and executed under date of March 2, 1928, by the then officers of said district. While appellant and his coplaintiffs in the injunction suit did not ask for a temporary injunction that suit and their appeal therein from the adverse decision of the circuit court well served as a barrier to the consummation of the sale of the bonds and constituted the sole obstacle to the immediate sale thereof. The board of education was apparently at all times acting in good faith, desiring and intending

to conclude the sale of the bonds at the earliest time same could be marketed. It appears that had this appellant and his fellow oppositionists accepted the ruling of the trial chancellor on their bill for an injunction and not have prolonged that litigation by their unsuccessful appeal to this court the bonds could have been sold in 1928. But though the course pursued by appellant was the sole cause of the delay in the sale of the bonds he now contends he should be relieved from paying the tax levied for the year 1928 for the purpose of providing the necessary interest and sinking fund for the payment of interest and principal of the bonds, when sold, as same should mature because the bonds were not actually sold in that year. Appellant is hardly in position to complain of the failure of the board of education to earlier consummate the sale of the bonds when he is responsible for the situation that prevented an earlier conclusion of the sale. The validity of the bonds is not questioned. They must be taken as valid and legal obligations of the school district evidencing a valid indebtedness of the district. The interest must be paid as same falls due. The term of the bonds is not stated but they are dated March 2, 1928, and the principal would mature and become due in such number of years from that date, within twenty, the limit fixed by the Constitution, as therein specified. It is mandatory that provision be made for the payment of the principal and interest and the levy and collection of a tax for the purpose of paying interest as it falls due and making an annual contribution to a sinking fund so as to accumulate therein a sum sufficient to pay principal as it matures was in accordance with such constitutional mandate and necessary to the discharge of the obligations created by the bonds. Such special tax was for a special purpose and the revenues derived therefrom constitute a fund set aside by law to the payment of the interest and principal of these bonds and could not lawfully be diverted or applied to any other purpose. The special tax levy was made in good faith and for the purpose of providing an interest and sinking fund to meet payments on these bonds. We are not dealing with subterfuge nor an attempt to levy a tax year after year under the guise of a sinking fund tax without having issued or sold the bonds or without intention to do so.

If as appellant argues since the bonds were not sold during the year 1928 no interest accrued and became payable for that year nevertheless since the principal of the bonds matured within the number of years from and after March 2, 1928, therein specified it was necessary to levy an annual tax to provide and accumulate a sinking fund which would be sufficient at the maturity of the bonds to pay the principal sum. But even if no interest accrued for the year 1928 by reason of the enforced delay in selling the bonds such portion of

the tax as was intended for the payment of interest falling due in that year would remain when collected as a part of the fund designated as an interest and sinking fund and could not, as we have said, be diverted or applied to any other purpose and would necessarily operate to reduce the amount of the tax levy required to meet the first interest payments accruing after the sale of the bonds so it would seem appellant's substantial rights have not suffered or been impaired. Appellant sought by the injunction suit to restrain and prohibit this, or any tax levy, for the payment of interest and principal as being illegal but wholly failed, after two attempts to do so, to so much as state any ground or cause for declaring the levy illegal.

In Black v. Early, 208 Mo. 281, 106 S. W. 1014, a school district had voted bonds to build a schoolhouse. At the time the estimate for the levy of school taxes for the year 1905 was made and filed providing among other items of school taxes for the levy of a tax for the interest and sinking fund and at the time the tax levy was actually made pursuant to such estimate the bonds had not been sold though they had "possibly been issued." The bonds were however afterwards sold within the same year. In a proceeding to restrain the collection of the tax an injunction was granted. One ground therefor assigned by the chancellor was that the tax levy for interest and sinking fund was void because the bonds had not been sold at the time the estimate was made and filed and the tax levy made. Referring to the proviso of Section 12, Article 10, of our Constitution, above quoted, this court said: "But the law must be given a practical and reasonable construction and application. The Constitution required the school board to provide for the collection of an annual tax for a sinking fund and to pay the interest; it says this must be done at the time of incurring the indebtedness or *before* that time. Here it was done before the bonds were actually sold and delivered. Doubtless the State Auditor would require a constitutional showing to be made before registering the bonds. Doubtless, they could not be sold without the constitutional requirement having been complied with. They were at once sold. The interest began to accrue. How was it to be paid? By a tax levy deferred until next year? That would result in a default in the interest, impair the credit of the district and run counter to the intendment of the Constitution." In the instant case the sale of the bonds was consummated upon the determination of the litigation. Appellant says the indebtedness was not incurred until the bonds were actually sold. [See State ex rel. City of Dexter v. Gordon, 251 Mo. 303, 158 S. W. 683.] That may be granted for the purposes of this case without entering upon a discussion *pro* and *con* as to when the indebtedness is incurred within the meaning of the constitutional mandate but even so the school

board was authorized and empowered to provide for an annual tax levy for an interest and sinking fund before and in anticipation of the registration and sale thereof. We may well consider the practicalities of the situation; that the negotiations for the sale of the bonds were suspended by reason, and during the pendency, of appellant's injunction proceeding but how could the board of education know that appellant would carry that litigation beyond the circuit court or after an appeal was taken when the case would be reached upon our docket or thereafter a final decision announced. Appellant might well have abided the judgment of the circuit court in which event had the board of education not included this item in the estimate for 1928, as was done, no tax for interest and sinking fund could have then been levied for that year and the sale of the bonds would likely have been deferred by reason of such failure to levy the necessary tax until the next year or if they could have been sold at that time no provision would have existed for collection in that year of any taxes for the interest and sinking fund and a similiar situation would have existed had no levy been made until the next date for filing an estimate and making a tax levy following the decision of this court.

Presumably the other taxpayers of the district have paid this tax. The school building has no doubt long since been erected. Upon the facts of this case we perceive no logical, legal or equitable reason why the appellant should be relieved of the tax and sustained in his refusal to pay same. The judgment of the circuit court is therefore affirmed. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.