PUBLIC SERVICE COMMISSION of State of Missouri v. CITY OF KIRKWOOD, Appellant.—4 S. W. (2d) 773.

Division Two, March 24, 1928.

*Brackman, Hausner & Versen* for appellant; *Charles M. Polk* and *Ralph & Baxter, amici curiae.*

*D. D. McDonald* and *J. P. Painter* for respondent; *Charles M. Polk* and *Ralph & Baxter, amici curiae.*

DAVIS, C.—This is a suit by the Public Service Commission to enjoin defendant, city of Kirkwood, from furnishing water service to persons residing outside the corporate limits of said city unless and until it obtains and receives from the commission a certificate of public convenience and necessity. From a decree and judgment enjoining the defendant from furnishing water to any person outside its limits, except those to whom it furnished water before the Act of April 15, 1913, became effective, until it obtained a certificate of public convenience and necessity from the Public Service Commission, defendant appeals.

Defendant, city of Kirkwood, in St. Louis County, is a city of the fourth class, owning and operating its water system. From 1903 to 1923 it obtained water for its system from the West St. Louis Water & Light Company, discontinuing such purchase in 1923. During this period it supplied water from its system to its own inhabitants and to certain residents beyond the city limits, on Monroe Avenue and on Geyer Road. Such suburban residents were thus obtaining their water supply from Kirkwood when the Public Service Commission Act became effective.

This act became effective April 15, 1913. The Public Service Commission has not and does not contend that defendant was required to secure a certificate of public convenience and necessity in order to supply water to customers defendant had on Monroe Avenue and Geyer Road at the time the act became effective.

In 1923 defendant began serving water outside its city limits to the districts known as Meramec Highlands, St. Joseph's College, Woodbine Heights and Woodbine Heights Subdivision and property adjacent thereto. Since the date of the decree of the Circuit Court of St. Louis County in this case, the properties of the customers above mentioned have been annexed to and now form a part of the city of Kirkwood. Consequently, the Public Service Commission does not now claim that the defendant is required to secure a certificate of public convenience and necessity as to residents whose land has been brought within the city limits by annexation.

By the terms of a contract, dated December 11, 1924, the Lutheran Orphans' Home and other property owners along Manchester Road to the north and northwest of the city limits contributed various sums of money, aggregating $16,524.55, to defray the cost of laying a water main west on Manchester Road. The mains were installed

by the city under contract in 1925, and became the property of the city. The city is obligated to maintain the water mains and furnish water to the contributors. Fifteen of the said contributors are now being served with water.

Thereafter, on May 22, 1925, the city of Kirkwood attempted to file with the Public Service Commission a schedule of rates and details as to service of water to suburban consumers residing beyond the city limits, but the said commission refused to receive and file the same, returning it to the city, because it had not applied for and obtained a certificate of convenience and necessity and the permission and approval of the commission to furnish water and render service to suburban residents. This controversy involves the right of the city to serve such residents along Manchester Road, beyond its limits, without obtaining the prior consent of the Public Service Commission.

Testimony was admitted over the objection of the defendant to the effect that the St. Louis County Water Company had a franchise in St. Louis County to operate a water system therein, that it had mains and was rendering water service in the territory around and adjacent to the city of Kirkwood and had had negotiations with potential buyers of water in the territory on Manchester Road, west of the city, prior to the service of water to them by said city, and that the said water company protested to the city of Kirkwood against the arrangement entered into by the city with the inhabitants of Des Peres to furnish water to such inhabitants, on the ground that the city had not obtained a certificate of public necessity and convenience to furnish water outside of its corporate limits.

The testimony of Mr. W. H. Henby, president of the St. Louis Water Company, called by the plaintiff, shows that the predecessors of that company constructed a water main on Holmes Avenue in the city of Kirkwood in 1907 or 1908; that it has mains on the Big Bend Road as far west as Geyer Road and southwardly on the Geyer Road, the date these mains were installed not being shown in the record, and that the said water company has no mains now and never had any mains in the Meramac Highlands district, in the Woodbine Heights and Woodbine Heights Addition districts or in the district on Manchester Road west of Denny Road. The territory described is the territory which was outside of the corporate limits of the city of Kirkwood and was being served with water by said city at the time the suit was instituted. The testimony shows that at the time of the institution of these proceedings the St. Louis County Water Company (successor to West St. Louis Water & Light Company) had a franchise in St. Louis County to operate a water system therein, and was supplying water throughout the county; that it had its mains around and adjacent to the city of Kirkwood,

and had had negotiations with prospective buyers of water in the territory on Manchester Road, above mentioned, and prior to the beginning of service of water to them by the city of Kirkwood, the St. Louis County`Water Company had protested to the city of Kirkwood against the proposed arrangement to be entered into by the city with the residents of Manchester Road, on the ground that the city had not obtained a certificate of public convenience and necessity to furnish water outside of its corporate limits, and further that the St. Louis County Water Company was ready and willing to lay mains and pipes so as to supply the residents of Manchester Road with water. The defendant states the issues in this case in its brief, to which the plaintiff agrees, as follows:

"The plaintiff, Public Service Commission of Missouri, contends that the city of Kirkwood is a 'water corporation' within the terms and meaning of the Missouri Public Service Commission Law; that by the provisions of said law it is given jurisdiction, supervision, power and authority over the rates, charges and services, with power and authority to supervise and regulate said rates and service of water corporations of Missouri; and that it is and was the duty of the city of Kirkwood to apply to the commission for a certificate of convenience and necessity, and obtain permission and authority to extend its water mains and water service beyond the limits of said city.

"The defendant, city of Kirkwood, contends that the 'Public Service Commission has neither the right nor authority to require the city to make application to and receive from the commission a certificate of public convenience or necessity or secure its permission and approval before said city may extend its water mains or water connections or make additions thereto outside of the limits of the city to furnish water to consumers there located; that the commission is given jurisdiction and authority over the city only as to 'rates' and 'service' where water is furnished outside of the city's limits, and that the said jurisdiction and authority does not require the city each time, or any time, it seeks to make any extension, addition or connection outside of its limits to apply for and obtain a certificate of convenience or necessity; and that the city desires to, and should be, permitted to file its schedule of rates and service for water furnished outside of the city's limits without being required to first apply for and receive a certificate of public convenience or necessity or approval to supply water to consumers outside of its limits."

I.   The question stated relates to the power of the Public Service Commission to require a municipality, owning and operating its water plant, to secure a certificate of convenience and necessity to

supply water to persons and private corporations beyond its corporate limits.

The sections herein mentioned, unless otherwise indicated, allude to Revised Statutes 1919. Section 9079 authorizes and empowers cities to own and operate waterworks. Section 9083 authorizes and empowers cities owning waterworks to supply water to other municipal corporations and persons and private corporations beyond the limits of such city, and to enter into contracts for such time and upon such terms and under such rules and regulations as may be agreed upon by the contracting parties. The General Assembly in 1913 enacted what is called the Public Service Commission Act. Its general object is to regulate public utilities. We see nothing in the act having the effect of repealing Sections 9079 or 9083. Section 10425, subdivision 7, however, subjects a municipality supplying water beyond its corporate limits to the supervision of the commission as to service and rates.

The Public Service Commission takes the position that a municipality, in supplying water to persons and private corporations beyond its limits, acts in the capacity of a private corporation, and as such is a water corporation within the meaning of the act. In the exercise of its powers a municipality is said to act in a dual capacity. On the one hand, it acts in its sovereign or governmental capacity, for which it may not be called to account; on the other, while acting within its proprietary or municipal capacity, it may be said to act as a private enterprise and therefore becomes responsible as such, even though the emoluments redound to the public benefit. [Riley v. Independence, 258 Mo. 671, 167 S. W. 1022.] Thus, while operating a waterworks and supplying water, it is clear that it is acting in its proprietary capacity. [South Carolina v. United States, 199 U. S. 437.] The question, however, does not relate to the proprietary capacity of a municipality, but rather to the jurisdiction of the Public Service Commission to compel a municipality to secure a cerificate of convenience and necessity before supplying water beyond its limits.

II. The city of Kirkwood, to sustain its position, relies upon the rule enunciated in State ex rel. v. Public Service Commission, 270 Mo. 429, l. c. 442, 198 S. W. 872, to the effect that the Public Service Commission can exercise only such powers as are expressly conferred upon it, which should not be extended by implication or inference beyond what may be necessary for their just and reasonable execution. As a corollary to the rule, the city contends that the act fails to require a municipality to secure said certificate. A resort to the statutes becomes necessary to determine the question. Subdivisions 3, 4, 16 and 21 of Section 10411, read:

568

"3. The term 'corporation,' when used in this. chapter, includes a corporation, company, association and joint stock association or company.

"4. The term 'person,' when used in this chapter, includes an individual, and a firm or copartnership.

"16. The term 'municipality,' when used in this chapter, includes a city, village or town.

"21. The term 'water corporation,' when used in this chapter, includes every corporation, company, association, joint stock company or association, partnership and person, their lessees, trustees or receivers appointed by any court whatsoever, owning, operating, controlling or managing any plant or property, dam or water supply, canal, or power station, distributing or selling for distribution, or selling or supplying for gain any water."

We are apprised by Section 10481 that a water corporation, relative to water, is the only entity required by the statute to secure the permission and approval of the commission before beginning construction of a water system. Resorting to the definition of a water corporation as defined by the statute, for the purpose of determining the entities which may constitute a water corporation, we are unable to find a municipality included therein. A reference to the above definitions compels the conclusion that the General Assembly defined, characterized and classified a corporation, a person and a municipality as distinct entities, and it is evident that the General Assembly intended Section 10481 to apply to a water corporation only. That this is true is demonstrated by a review of Sections 10477, 10478, 10479 and 10480. immediately preceding, which speak specifically of a gas corporation, an electric corporation, a water corporation, and a municipality. each of which is separately defined in the various subdivisions of Section 10411. A comparison of said sections compels the conclusion that, in enacting Section 10481. the General Assembly knowingly and purposely exempted a municipality from its provisions. It is evident that Section 10411, subdivision 21. defining a water corporation, does not include a municipality within its terms. for the entities included within the term "water corporation" are those entities characterized within the definition of a corporation or person. In Sections 10479 and 10480 the General Assembly, dealing with the power of the commission to stay increased rates and providing for the inspection of gas, water and electric meters respectively. distinguishes between a municipality and a water corporation. Section 10481. in designating the entity which must obtain a certificate of convenience and necessity, mentions three entities only, namely. a gas corporation, an electrical corporation and a water corporation. Reverting to the rule that the Public Service Commission can exercise only such powers as are expressly conferred upon it, it is evi-

dent that Section 10481 may not be extended to include a municipality supplying water beyond its corporate limits. We are of the opinion that the Public Service Commission Act neither expressly nor impliedly authorizes or empowers the commission to require a municipality to obtain a certificate of convenience and necessity to supply water to persons and private corporations beyond its limits. Notwithstanding Section 10425, subdivision 7, subjects a municipality supplying water beyond its corporate limits to the supervision of the commission as to service and rates, such supervision is not to be extended, in view of Section 10481, by implication or inference, to include the requirement of a certificate of convenience and necessity, for such power is not expressly conferred upon the commission.

Consequently, the judgment is reversed and the cause remanded to the Circuit Court of the County of St. Louis with directions to dismiss plaintiff's bill. *Higbee* and *Henwood, CC.*, concur.

PER CURIAM—The foregoing opinion by Davis, C., is adopted as the opinion of the court. All of the judges concur.