**MISSOURI CITIES WATER COMPANY,**
a Missouri Corporation,
Plaintiff-Appellant,

v.

**CITY OF ST. PETERS, Missouri, a
Municipal Corporation,
Defendant-Respondent.**

No. 59184.

Supreme Court of Missouri,
Division No. 1.

March 8, 1976.

Edwards, Seigfreid, Runge & Hodge, Inc., Jerome W. Seigfreid and Edward D. Hodge, Mexico, for plaintiff-appellant.

Rollin J. Moerschel, Niedner, Moerschel, Mack & Alheim, St. Charles, for defendant-respondent.

LAURANCE M. HYDE, Special Commissioner.

Action in equity in which plaintiff sought to have declared unconstitutional § 250.190, RSMo 1969, which authorizes a city to supply water and sewer services outside its corporate boundaries and to restrain the city from operating its water and sewer system beyond its limits in competition with the existing system of plaintiff in some areas. Defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted, which the court sustained and entered a judgment of dismissal. Plaintiff has appealed and we affirm.

Plaintiff, a privately owned corporation, had a Certificate of Public Convenience and Necessity issued by the Missouri Public Service Commission to serve certain areas of St. Charles County outside defendant city. Defendant city is a city of the fourth class which has had great growth in recent years and has been expanding its boundaries. Its population in the 1970 census was 518. At the time of the trial in July 1974 its population was estimated at about 4,000. Annexations of more adjoining areas were planned; and a two million dollar bond issue had been approved by the city's voters for its water system improvements, including a lime softening treatment plant. At the time of the trial in July 1974, the annexation of more territory was pending, to be voted on at the August 1974 election. The city had state and federal grants which had been used to extend its water and sewer lines.

The principal statute involved, 250.190, is as follows: "Any such city * * * operating a sewerage system or a combined waterworks and sewerage system under this chapter shall have power to supply water services or sewerage services or both such services to premises situated outside its corporate boundaries and for that purpose to extend and improve its sewerage system or its combined waterworks and sewerage system."

It is further provided by § 250.240: "It is the purpose of this chapter to enable cities, towns and villages and sewer districts to protect the public health and welfare by preventing or abating the pollution of water and creating means for supplying wholesome water, and to these ends every such municipality and sewer district shall have the power to do all things necessary or convenient to carry out such purpose, in addition to the powers conferred in this chapter. This chapter is remedial in nature and the powers hereby granted shall be liberally construed."

■ Plaintiff says § 250.190 is vague and ambiguous because it cannot be determined with reasonable certainty the area in which a city may extend or improve its waterworks and sewer systems and so constitutes a taking of plaintiff's property without due process of law. This contention does not consider § 250.240 stating the purpose of the authority given municipalities and the liberal construction required. Plaintiff's claimed property is its right, under a Certificate of Convenience and Necessity from the Missouri Public Service Commission to engage in water and sewer service in St. Charles County. However, we have held that such a certificate does not grant the holder an exclusive right. In *State ex rel. Union Electric Light & Power Co. v. Public Service Commission*, 333 Mo. 426, 62 S.W.2d 742, 746 (1933), repeated in *State ex rel. City of Sikeston v. Public Service Commission*, 336 Mo. 985, 82 S.W.2d 105, 110 (1935), we said: "Even though two power corporations may operate on the same schedule of rates, they may compete with each other in such matters as the character of service they render, the courtesy and efficiency of their employees in doing it, the modernization of their equipment and the economy of their operation, all of which are matters of some importance to consumers."

■ We also noted in Sikeston case that "[M]unicipal ownership of such utilities is still provided for and we have held that they do not even come within the regula-

tion of the act." 82 S.W.2d l. c. 110. As was also held in *Jackson County Public Water Supply District No. 1 v. Ong Aircraft Corporation*, 409 S.W.2d 226, 230 (Mo.App. 1966): "If the legislature had intended to restrict the City as to where it could supply water, it could easily have done so by prohibiting it from entering water districts." See also *Otter Tail Power Co. v. United States*, 410 U.S. 366, 93 S.Ct. 1022, 35 L.Ed.2d 359 (1973). Plaintiff further says § 250.190 does not clearly and specifically authorize the extension of sewer lines or water lines beyond city limits and could be reasonably interpreted to require areas seeking city service to connect with the city utilities at the corporate limits. We do not agree and hold that § 250.190 does authorize the extension of sewer lines and water lines beyond its limits. We consider this is made clear by § 250.240.

Plaintiff also says: "If it is to be inferred that the provisions of Section 250.190 grant authority to extend sewer and water lines beyond the corporate limits, then the application of the law in practice would permit any city to engage in the water and sewer service business wherever they chose limited only by the boundaries of the State of Missouri." However, the evidence shows plaintiff has not and does not have any intention to engage in water and sewer service outside designated drainage areas which adjoin the city. If any city should seek to do more than that such a case can then be decided on the facts involved.

Plaintiff cites *Missouri Public Service Co. v. City of Trenton*, 509 S.W.2d 770 (Mo.App. 1974), in which the city was enjoined from providing electric service to two residences outside the city from a transmission line constructed beyond its corporate limits for the lawful purpose of operating equipment at its sewer lagoons beyond its city limits. However, the basis of the court's decision was that the General Assembly had given no authority for municipally owned electric utilities to have any such extra territorial powers. As shown by the statutes hereinabove considered, this is not true as to

authority of cities to provide water and sewer services.

Plaintiff also claims finding the application of § 250.190, RSMo 1969 constitutional, allegedly to protect the public health and welfare of nonresidents, exceeds the power delegated by the Legislature to protect the health and welfare of the residents of the municipality. Plaintiff cites no relevant authority for this contention and our view is that this contention cannot be sustained. It seems reasonable to consider that the health and welfare of people in areas adjoining a city into which it is extending its water and sewer lines is of some importance to people in the city. This would be especially true where a city is growing and expanding its boundaries. Furthermore, it has been held that Public Service Commission is not authorized to require a municipality to obtain a certificate of convenience and necessity to supply water to persons or corporations beyond its limits. *Public Service Commission v. City of Kirkwood*, 319 Mo. 562, 4 S.W.2d 773 (1928). In *Speas v. Kansas City*, 329 Mo. 184, 44 S.W.2d 108 (1931), it was held that a Missouri city could supply water to residents of another state. These decisions also determine the contention of plaintiff that the court erred in finding the application of § 250.190 constitutional in that the action of the city in extending water and sewer lines beyond its corporation limits exceeded the power delegated by the Legislature to protect the health and welfare of residents of the municipality. Plaintiff's view is that this was to protect the health and welfare of nonresidents but we find it had a broader purpose than that, namely also the welfare of the residents of the city in many respects.

Plaintiff also claims that the basis for the court's finding that § 250.190 authorized extending water and sewer lines beyond its corporate limits was to protect the health and welfare of nonresidents and that this exceeds the power delegated by the Legislature to protect the health and welfare of

the residents of the city. This overlooks the fact hereinabove noted that the city is expanding its boundaries and also the liberal construction required by §§ 250.240 and 250.250. Plaintiff cites only *Missouri Electric Power Co. v. City of Mountain Grove,* 352 Mo. 262, 176 S.W.2d 612 (1944). That case involved an injunction against holding an election to issue bonds for purchase or construction of an electric light plant. This court held that the circuit court had no power to restrain the holding of that election. We do not consider it authority for plaintiff's contention and plaintiff does not explain how it could be.

■ Plaintiff's final contention is that the court erred in striking its Interrogatories filed June 27, 1974. Defendant shows that at that time the case was set for trial on July 17, 1974, and all parties had agreed that the case was at issue and all discovery was complete. There were 83 interrogatories and subinterrogatories submitted and the court could reasonably have found they could not have been answered by time of trial. We do not consider the court's action to be an abuse of discretion under these circumstances.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.